[No. 26788. Department One. November 3, 1937.]

*In the Matter of the Estate of* SARAH C. BURKHART, *Deceased.*

ANDREW J. BURKHART *et al., Respondents,* v. EDDIE BURKHART, *as Executor, et al., Appellants.*[1]

*James W. Anderson* and *Thomas F. Ray,* for appellants.

*Burkey & Burkey,* for respondents.

HOLCOMB, J.—This appeal is from a judgment of the court invalidating the will of Sarah C. Burkhart, deceased, on the grounds of testamentary incapacity and undue influence.

The case was tried to the court and an advisory jury. Upon the facts being submitted to the jury, they found that, at the time of making the will, Mrs. Burkhart was not competent to make a will, and also that she was unduly influenced by her son Eddie.

Within the statutory two days after the entry of

[1] Reported in 72 P. (2d) 1036.

the verdict of the jury, appellants moved for a judgment notwithstanding the verdict and also for a new trial, and upon due notice argued both motions to the trial judge. In ruling on the motions, the trial judge said:

"I have no hesitancy in saying that I am thoroughly convinced in my mind that the jury was right on both questions, that the old lady was not competent to make the will at the time she did; that this will was not her will and never was her will, and therefore the contestants will prepare decree in accordance with the opinion here delivered.

"Then . . . the Reporter will let the record show that this motion for a new trial,—"

He was interrupted by one of counsel for appellants, who said "Judgment notwithstanding the verdict," after which the record continues:

"THE COURT: I thought you gentlemen agreed that this is to be considered a motion for new trial. MR. ANDERSON: We have presented both. THE COURT: Let the record show that this motion for new trial, and the motion n.o.v. was argued and that it was agreed that it might be argued prior to the time the court signed the decree and that it shall be considered for the purposes of the record that it was made at the proper time."

No formal order was entered denying the motions, but the court and counsel for both parties had submitted and argued both motions and fully understood that both motions were being denied by the trial judge.

Findings of fact, conclusions of law, and a decree in favor of contestants invalidating the will, after service of copies thereof upon attorneys for appellants, were filed in the county clerk's office of Pierce county on April 2, 1937. On April 21, 1937, counsel for appellants gave notice of appeal to this court from that judgment.

Appellants assign as error: Entering the decree voiding the will and cancelling the probate proceeding; entering the findings, conclusions and decree which are not in accord with the evidence or the law in the case; overruling defendants' motion for judgment notwithstanding the verdict; overruling their motion for a new trial; and in excluding certain testimony.

In their brief, respondents move that the statement of facts and abstract be stricken because the statement of facts was not served or filed within ninety days from the date of the entry of the judgment from which the appeal was taken.

Under the provisions of our Rule VII, 159 Wash. lxi, and Rem. Rev. Stat., § 308-7 [P. C. § 8676-10], the ninety days for filing the statement of facts in this case expired on July 1, 1937. One hundred three days after the appeal was taken the statement was served and filed. A purported extension of time, granted *ex parte* by the entry of the trial court of a *nunc pro tunc* order after the appeal had been taken and after the expiration of the ninety day period, is a nullity. The trial court had no such authority.

"The time within which an appellant may file his proposed statement of facts cannot be extended by stipulation of the parties or court order." *Nudd v. Seattle,* 188 Wash. 273, 62 P. (2d) 43.

We have many times held that this rule is mandatory, and that, when the statement of facts has not been served within ninety days, it must be stricken. *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123; *Nudd v. Seattle, supra,* and cases therein cited.

Appellants now contend that, since the trial court had never formally denied their motions, that fact extended the time for appealing. This cannot be permitted. Appellants cannot by any such dilatoriness

extend the time for taking an appeal. Otherwise, the time for appealing might in some cases be postponed indefinitely.

For these reasons, the statement of facts must be stricken.

This leaves for consideration the matter of whether the findings of fact and conclusions of law support the decree.

The trial court made the findings of fact and conclusions in favor of contestants and also stated, as above quoted, that, in his opinion, the jury was right on both the questions of incompetency of the old lady and her being influenced by her son Eddie. There being now no evidence before us, we must presume that the advisory verdict of the jury and the findings and conclusions of the trial court were supported by competent evidence. Hence, we cannot disturb them.

The judgment is affirmed.

STEINERT, C. J., MAIN, BLAKE, and SIMPSON, JJ., concur.